IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

vs.                                                                                            Cr. No. H-10-185

VINCENT WALLACE ALDRIDGE, and
TORI ELYSE ALDRIDGE

**DEFENDANTS WRITTEN OBJECTIONS TO THE GOVERNMENT'S
EXHIBITS**

Defendants Vincent Wallace Aldridge and Tori Elyse Aldridge, through their attorneys, the Federal Public Defender and Robert Fickman, file these written objections to the government's trial exhibits. These objections relate to the authentication of the lender files and the title files of parts "a" and "b" of exhibits 1 through 11. The defendants respectfully request the right to file additional objections to these exhibits upon further review of the documents and the affidavits supporting those documents as the defendants receive additional discovery.

Additionally, on December 15, 2010 the defendants notified the attorney representing the government in this matter, Assistant United States Attorney ("AUSA") Jennifer Lowery, that the defendants would require the government to authenticate the exhibits prior to introducing them. On January 3, 2011, undersigned counsel again advised the government that the defendants were not

waiving proper authentication of the loan documents.

The defendants do not object to the authentication of the wire transfer records as is provided by the certification in government's exhibit 25. The defendants reserve the right to object to the authentication of the bank records. AUSA Lowery has told undersigned counsel that she intends to introduce the bank records by a business records affidavit. Once all of those affidavits have been received and the attorneys for the defendants have had an opportunity to review them, undersigned counsel will notify the Court regarding any objections to those exhibits.

## I. Objection to Government's Exhibit 1a

In pages 2 and 3 of exhibit 1a, the government includes a statement labeled "Business Records Affidavit by Custodian of Records." Page 4 is a letter titled "DECLARATION OF ACCOMPANYING MORTGAGE LENDING RECORDS."[1] Both documents appear to have been signed by a person named Missi Hunt on April 3, 2008. The first document appears to have been part of a grand jury subpoena sent to a company named Long Beach Mortgage. The second document was prepared by Washington Mutual. Neither of the documents describe the "business records" that they allege to support, other than on the

---

[1] Both documents are attached to these objections as Exhibit A.

2

second document, it refers to loan number 665896502.

### a. Affidavit Does Not Match the Records Provided

The documents provided by Washington Mutual, or Long Beach Mortgage, and signed by Missi Hunt appear to refer to loan number 665896502. Those documents to do not indicate what address that loan number relates to, or on what date or time period the loan was applied for or funded. The only other reference to a loan number in exhibit 1a is on page 11, and the number is 6289177, not 665896502. Additionally, exhibit 1a is made up of excerpts of a more complete file.[2] In the more complete file it appears that the Long Beach Mortgage loan number that is associated with this file is 6289177-7933[3], not 665896502.

### b. The Affiant Does Not Establish a Relationship With Record's Creator

Missi Hunt does not explain any relationship between Long Beach Mortgage and Washington Mutual. While Missi Hunt may be the custodian of records for Washington Mutual, the affidavit does not explain that Missi Hunt is familiar with the record keeping practices of Long Beach Mortgage, the business that created the original records. A person that is familiar with the specific

---

[2] The exhibits provided by the government are portions of larger records or files. The larger files usually contain well over 250 documents. The defendants do not object to presenting to the jury a trimmed down version of a larger record as long as the defendants have the ability to supplement the excerpts with documents contained in the larger file as needed.

[3] See document 05425 attached to these objections as Exhibit B.

business that created the records is required to authenticate business records under Rule 803(6). <u>United States v. Jackson</u>, 625 F.3d 875, 882 (5th Cir. 2010).

In <u>Jackson</u>, the fifth circuit held that the district court abused its discretion by admitting documents as business records that had not been properly authenticated. The government introduced notebooks that had been used in a drug trafficking enterprise. The government used an officer to lay the foundation for the business records. While the officer testified about the general practices of drug trafficking organizations and drug ledgers, the fifth circuit found that the notebooks had not been properly authenticated because the witness could not testify regarding the procedures of the particular enterprise that created the records.

To reach their conclusion in <u>Jackson</u>, the fifth circuit relied on an earlier decision, <u>United States v. Brown</u>, 553 F3d. 768 (5th Cir. 2008). In <u>Brown</u> the defendants wanted to introduce records of their own pharmacy, but also wanted to avoid testifying. <u>Id</u>. at 792. In an attempt to introduce the records, the defendants hired an expert that was familiar with the record keeping program used by the defendant's pharmacy business. While the witness could testify about the program generally, he was not able to testify about the actual record keeping practice of the pharmacy. The court found that while the expert knew about the "pharmacy

computer system, how to operate the system, and how to extract information from it, but that is not knowledge about the pharmacy's record keeping[,]" and therefore the court determined that the district court had properly excluded the records. Id.

In this case, the affidavit only states that the records are maintained by Washington Mutual, and it does not indicate that the signer, Missi Hunt, has any knowledge of the record keeping practices of Long Beach Mortgage. A witness who does not have knowledge of the practices of the business who created the documents cannot properly authenticate business records.

Further, in the mortgage industry, particularly during the time period covered by the indictment, ownership of mortgages passed through multiple banks quickly. In a recent case from the Supreme Judicial Court of Massachusetts, the court outlines how one mortgage changed hands five different times, so that six different banks owned the same mortgage in less than one year, between December 1, 2005 and December 1, 2006. U.S. Bank Nat. Ass'n v. Ibanez,--- N.E.2d ----, (Mass. Jan. 7, 2011), 2011 WL 38071, *3. In that case, Justice Botsford points out in his concurrence that "what is surprising about these cases is not the statement of principles articulated by the court regarding title law and the law of foreclosure in Massachusetts, but rather the utter carelessness with which the plaintiff banks documented the titles to their assets." Id. at *12.

For these reasons, the defendants request that the Court not allow the government to introduce any evidence derived from exhibit 1a until a proper custodian of records establishes the foundation that the records meet the exception listed in Rule 803(6). Additionally, the defendants request that this be done by a custodian of records who testifies in court, and not by affidavit.

## II.  Objection to Government's Exhibit 1b

Page 61 of government's exhibit 1b is a document titled "MODIFIED BUSINESS RECORDS AFFIDAVIT."[4] The document, prepared by John Updergraff, attempts to lay the foundation for the business records exception. In that document, Mr. Updergraff plainly states that he acquired the documents presented only after a suit was filed to obtain entry in to the business that created the documents, First Southwestern Title. Mr. Updergraff continues by stating that the documents appear to be files maintained in the ordinary course of business.

As stated above in section I.a., in order to admit records under Rule 803(6), a qualifying witness must be able to testify regarding the business practices of the business that created the records. According to <u>Jackson</u> and <u>Brown</u>, testifying generally about practices of an industry or record keeping system does not satisfy the requirements of Rule 803(6). Since Mr. Updergraff admits that he does not

---

[4]Attached as Exhibit C

have any information regarding the record keeping practices of the creator of the documents, these documents should not be introduced.

The defendants request the same relief as requested with exhibit 1a. Evidence from these documents should not be introduced until a qualifying witness establishes the proper foundation and authenticity of the records. Additionally, this should be done by having the witness testify in court, and not by affidavit.

### III. Objection to Government's Exhibit 2a

On January 8, 2011, the government provided a document titled "AFFIDAVIT"[5] to the defendants. This document apparently relates to exhibit 2a. The affidavit was signed on January 7, 2011. Exhibit 2a was provided to the defendants on January 4, 2011. The original files that exhibit 2a is based on were provided to the defendants earlier in discovery. It has not been established that the documents described in the affidavit match the earlier produced documents in exhibit 2a. The defendants request that the Court require the custodian of records to come and establish that the documents referred to in the affidavit are the same documents provided in exhibit 2a.

---

[5]Attached as Exhibit D.

## IV. **Objection to Government's Exhibit 2b**

No affidavit is attached to government's exhibit 2b, or the underlying file in the discovery that corresponds with exhibit 2b. The defendants request that the government bring a proper custodian of records or other qualifying witness to properly authenticate and lay the foundation for these documents before they are introduced as evidence in the trial.

## V. **Objection to Government's Exhibit 3a**

Included in pages 76 and 77 of government's exhibit 3a is a document titled "BUSINESS RECORDS AFFIDAVIT BY CUSTODIAN OF RECORDS."[6] This document is prepared by Stephen Newcomb who states that he is the Custodian of Records of A.C.C. Capital Holdings, LLC. The affidavit is signed on December 15, 2010.

### *a. The Affiant Does Not Establish a Relationship With Record's Creator*

For the same reasons stated in section I.b. above, this affidavit does not establish the proper foundation required by Rule 803(6). The affiant states that he is the Custodian of Records for a company called A.C.C. Capital Holdings. Argent Mortgage is the business that created these records. While the Custodian of Records for A.C.C. Capital Holdings may be qualified as a witness to introduce

---

[6]Attached as Exhibit E.

these documents, he cannot do so unless he would be able to testify about the record keeping practices of Argent Mortgage. Since the affidavit does not explain that the affiant is familiar with the practices of Argent Mortgage, this affidavit is not sufficient to establish that these documents meet the requirements of Rule 803(6) as stated in Jackson and Brown.

### b. *The Records Provided Are Not a Complete File*

Exhibit 3a consists of 74 pages of selected documents from a larger "lender's file." The full lender's file was provided to the defendants as discovery, and it contains 464 pages. Included in that lender's file is a fax from "FIRST SOUTHWESTERN TITLE...No. 6916." The pages of the fax are mixed throughout the 464 pages, and are not in order. After reviewing all of the 464 pages, it appears that the fax contains at least 55 pages, but 19 of the pages are missing.[7]

If the Court allows the government to introduce this particular set of documents by affidavit it would violate the defendants Sixth Amendment right to confront the witness. Admitting the documents at very least implies that it is a full

---

[7] The fax does not mark "page ____ of ____." But, located within the fax there is a page 55 (identified in the discovery as document number 01767). The following pages of fax 6916 are missing from the full lender's file of property 1415 Birdsall: 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 33.

9

and complete copy of the original records that were created. The defendants should be allowed to confront the custodian of the records to determine how this could be a complete set of documents when the file appears to be missing at least 19 pages.

In Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009) the Supreme Court found that a certificate prepared by a laboratory identifying a controlled substance, as a controlled substance was an "affidavit" that was testimonial, and the author would have to testify and be subject to cross-examination by the defendant. The respondent had argued that like a clerk's certification of a record, the certificate from the lab was not testimonial. Id. at 2538-39. The majority disagreed and believed that a clerk's certification was non-testimonial as long as it only certified the correctness of the document but did not provide any additional interpretation of the document that was certified. Id.

In this case, the affiant is stating that the documents provided are a copy of the documents created at or near the time of the events described, *and* that they are a complete set of those documents. The defendants have shown that there is a question as to whether the records provided are a complete and accurate copy of the originals. What distinguishes this case from other situations involving business record affidavits is that normally, a business record on its face appears to

be complete. For example, a bank statement. A bank statement starts with a beginning balance, and ends with an ending balance. All of the transactions contained within the statements should add up so that the beginning balance differs from the ending balance based on the additions and subtractions listed.

## VI. Objection to Government's Exhibit 3b

The objection is the same as the objection in section IV. above. No affidavit is provided relating to government's exhibit 3b.

## VII. Objection to Government's Exhibit 4a

Page 63 of govenrment's exhibit 4a is a document titled "AFFIDAVIT."[8] This affidavit certifies that the attached 367 pages are business records produced by First Magnus Financial, relating to loans 5735008259 and 5735008260. The original file that is the source of the documents found in government's exhibit 4a only contains 343 pages.

Additionally, the loan numbers found in the original discovery do not match the loan numbers in the affidavit. The loan numbers in the affidavit relate to the home purchase detailed in government's exhibit 10a, not exhibit 4a. While the affidavit may support exhibit 10a, it certainly does not support exhibit 4a.

---

[8]Attached as Exhibit F

## VIII. **Objection to Government's Exhibit 4b**

The objection is the same as the objections in sections IV. and VI. above. No affidavit is provided relating to government's exhibit 4b.

## IX. **Objection to Government's Exhibit 5a**

Pages 2 and 3 of government's exhibit 5a includes a letter and an affidavit from a person named Randal Telford.[9] Mr. Telford works for Fidelity National Title, parent company of "Land American Commonwealth Title." Neither in his letter, nor his affidavit does Mr. Telford even mention First Southwestern Title, the business that created the records contained in exhibit 5a. Without establishing any connection between the companies mentioned in the affidavit and the company that created the records, the government has not shown the proper foundation for admitting documents under Rule 803(6). Additionally, "Land American Commonwealth Title" is very similar to Common Wealth Land Title Insurance Company, the company that created the "modified business records affidavit" (Exhibit C), admitting that they did not know how the original records were created or kept. For the reasons stated in Jackson and Brown as outlined above, the defendants request that the Court exclude these documents until the government brings a qualifying witness who can properly authenticate and lay the

---

[9]Attached as Exhibit G

12

foundation for admitting them under Rule 803(6).

## X. Objection to Government's Exhibit 6a

Pages 60 and 61 of government's exhibit 6a is document titled "Business Records Affidavit by Custodian of Records."[10] This document was not provided with the original discovery in this matter. Also, the affidavit does not specify in any manner the records that it claims to authenticate. For these reasons, and the reasons stated in part V.b. above, the defendants request that Court exclude the documents until a qualifying witness authenticate them in court.

## XI. Objection to Government's Exhibit 6b

Pages 66 through 68 of government's exhibit 6b contains a letter and a "MODIFIED BUSINESS RECORDS AFFIDAVIT."[11] This affidavit is almost identical to the affidavit mentioned in section II. above. For the same reasons outlined in that section, this modified business records affidavit does not properly lay the foundation or authenticate the records as business records admissible under Rule 803(6).

---

[10] Attached as Exhibit I.

[11] Attached as Exhibit J.

## XII. Objection to Government's Exhibit 7a

Page 77 of government's exhibit 7a is a document titled "AFFIDAVIT."[12] This affidavit certifies that the attached 936 pages are business records produced by Argent Mortgage. The original file that is the source of the documents found in government's exhibit a only contains 435 pages. From this, it is not clear that the affidavit relates to the documents contained in exhibit 7a. For this reason, the documents should be excluded.

## XIII. Objection to Government's Exhibit 7b

The objection is the same as the objections in sections IV., VI. and VIII. above. No affidavit is provided relating to government's exhibit 7b.

## XIV. Objection to Government's Exhibit 8a

Page 2 of government's exhibit 8a is an document titled "DECLARATION AND WAIVER OF APPEARANCE."[13] This document attempts to authenticate the documents provided with exhibit 8a, but clearly states that the documents are in reference to loans numbered 0041655166 and 0041655648. The document also clearly states that the document relates to borrower Lyn L. King. The rest of the records contained in exhibit 8a relate to 0041655416 and borrower Michele

---

[12] Attached as Exhibit K.

[13] Attached as Exhibit L.

14

Shields, not Lyn King. The affidavit does not match the records it attempts to authenticate.

## XV. Objection to Government's Exhibit 8b

Pages 39 through 41 of government's exhibit 8b contains a letter and a "MODIFIED BUSINESS RECORDS AFFIDAVIT."[14] This affidavit is almost identical to the affidavit mentioned in section II. and IX. above. For the same reasons outlined in those sections, this modified business records affidavit does not properly lay the foundation or authenticate the records as business records admissible under Rule 803(6).

## XVI. Objection to Government's Exhibit 9a

The defendants have no objection at this time to this exhibit.

## XVII. Objection to Government's Exhibit 9b

The objection is the same as the objections in sections IV., VI., VIII and XIII. above. No affidavit is provided relating to government's exhibit 9b.

## XVIII. Objection to Government's Exhibit 10a

The defendants have no objection at this time to this exhibit.

## XIX. Objection to Government's Exhibit 10b

The objection is the same as the objections in sections IV., VI., VIII, XII

---

[14] Attached as Exhibit M.

and XVII. above. No affidavit is provided relating to government's exhibit 10b.

## XX. Objection to Government's Exhibit 11a

The objection is the same as the objection for exhibit 7a as noted in section XII. above. Page 57 of exhibit 11a is titled "AFFIDAVIT"[15] This affidavit certifies that the attached 936 pages are business records produced by Argent Mortgage. The original file that is the source of the documents found in government's exhibit 11a only contains 525 pages. From this, it is not clear that the affidavit relates to the documents contained in exhibit 11a. For this reason, the Court should exclude these documents.

## XXI. Objection to Government's Exhibit 11b

The objection is the same as the objections in sections IV., VI., VIII, XII, XVII and XIX. above. No affidavit is provided relating to government's exhibit 10b.

---

[15] Attached as Exhibit N.

Respectfully Submitted,

| | |
|---|---|
| MARJORIE A. MEYERS<br>Federal Public Defender<br>Southern District of Texas<br>Texas Bar No. 14003750<br>Southern District of Texas No. 3233 | /s/ Robert J. Fickman<br>ROBERT J. FICKMAN<br>Attorney-In-Charge<br>Fed. No. 3606<br>State Bar No. 06956500 |
| By /s/ M. Andres Sanchez-Ross<br>M. ANDRES SANCHEZ-ROSS<br>Assistant Federal Public Defender<br>Attorney in Charge<br>Southern District of Texas No. 743445<br>Texas State Bar No. 24056262<br>Attorneys for Defendant<br>440 Louisiana, Suite 1350<br>Houston, Texas  77002-1634<br>    Telephone:  713.718.4600<br>    Fax:           713.718.4610 | 440 Louisiana, Suite 800<br>Houston, Texas 77002<br>Ph. 713-655-7400<br>Fax 713-224-6008<br><br>Attorney for Defendant,<br>TORI ALDRIDGE |

## CERTIFICATE OF SERVICE

I, M. Andres Sanchez-Ross, certify that on January 10, 2011 these objections were emailed to Assistant United States Attorney Jennifer Lowery and to Tucker Graves, the attorney representing co-defendant Gilbert Isgar in this matter.

/s/ M. Andres Sanchez-Ross
M. ANDRES SANCHEZ-ROSS